UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| vs. | ) ) | No. 1:11-cv-00370-JMS-TAB |
| TIMOTHY S. DURHAM, JAMES F. COCHRAN, RICK D. SNOW, | ) ) ) ) | |
| *Defendants*. | ) ) | |
| _____ | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| *Intervenor*. | ) | |

## <u>ORDER</u>

Presently pending before the Court are separate requests filed by *pro se* Defendants Timothy S. Durham and James F. Cochran to dismiss this civil securities action against them.[1] [Filing No. 40; Filing No. 43.] Plaintiff Securities and Exchange Commission (the "SEC") objects to the Defendants' requests. [Filing No. 42; Filing No. 45.] The Court will first set forth the relevant background before considering the merits of the requests by Mr. Durham and Mr. Cochran.

### A. Relevant Background

On March 15, 2011, a grand jury indicted Mr. Durham, Mr. Cochran, and Mr. Snow for multiple counts of wire fraud, one count of conspiracy to commit wire and securities fraud, and

---

[1] Rick D. Snow is also a Defendant in this action, but he has not filed anything in support of or against the pending requests.

one count of securities fraud.  *See* Cause No. 1:11-cr-42-JMS-DML.  The next day, the SEC filed

this civil securities fraud action against Mr. Durham, Mr. Cochran, and Mr. Snow.  [Filing No. 1.]

On May 25, 2011, the United States of America moved to intervene and stay the civil

securities fraud action pending resolution of the criminal case against Mr. Durham, Mr. Cochran,

and Mr. Snow.  [Filing No. 9.]  The United States pointed out that the alleged facts underlying the

criminal action were "virtually identical" to the allegations underlying the civil action.  [Filing No.

9 at 1.]  Defendants did not object to the United States' motion, and on July 14, 2011, the Court

stayed the civil action pending resolution of the criminal action.  [Filing No. 18.]

On June 20, 2012, a jury in the criminal action returned guilty verdicts on various counts

with which the Defendants had been charged.  [Cause No. 1:11-cr-42-JMS-DML, Filing No. 354.]

Sentencing was held in November 2012.  [Cause No. 1:11-cr-42-JMS-DML, Filing No. 445.]  Mr.

Durham, Mr. Cochran, and Mr. Snow were sentenced to 50, 25, and 10 years in prison,

respectively, and jointly and severally ordered to pay $208,830,082.27 in restitution.  [Cause No.

1:11-cr-42-JMS-DML, Filing Nos. 456, 460, and 462.]  Mr. Durham, Mr. Cochran, and Mr. Snow

appealed their convictions and sentences, and the Seventh Circuit Court of Appeals consolidated

the three appeals for purpose of briefing and disposition.  [*See, e.g.*, Seventh Circuit Cause No. 12-

3819, Filing No. 3 (Order in Mr. Durham's appeal, consolidating it with Cause Nos. 12-3833 and

12-3867).]

On September 3, 2013, the Court ordered the parties in the civil action to submit a report

regarding the status of the case and to show cause why the previously entered stay should not be

lifted.  [Filing No. 33.]  In response, Mr. Durham and Mr. Cochran requested that the stay remain

in place "through the duration of the Appellate Process."  [Filing No. 34 at 3.]  In its response, the

SEC "conced[ed] that there are certain efficiencies to be gained in waiting for the appeals process

to conclude," but it did not join in the Defendants' request for the stay to continue.  [Filing No. 35 at 2.]  On September 27, 2013, the Court entered the following Order:

> The Court considers it prudent to afford Defendants their appellate rights in full, and for the Seventh Circuit to determine the validity of their convictions in the first instance.  Following that determination, the application of the doctrine of collateral estoppel will be far clearer.  The Court therefore **ORDERS** that this case be administratively closed without prejudice to the right of either party to move to reopen it **within 30 days of the issuance of the mandate** in the Defendants' appeal.

[Filing No. 37 (original emphases).]

On appeal in the criminal action, the Seventh Circuit reversed two of Mr. Durham's wire fraud convictions but otherwise affirmed Defendants' convictions and sentences in full.  *United States v. Durham*, 766 F.3d 672 (7th Cir. 2014).  Mr. Durham's criminal case was remanded for resentencing.  *Id.* at 688.  The Seventh Circuit issued a mandate for Mr. Snow on September 29, 2014, [Cause No. 1:11-cr-42-JMS-DML, Filing No. 511], a mandate for Mr. Durham on December 15, 2014, [Cause No. 1:11-cr-42-JMS-DML, Filing No. 513], and a mandate for Mr. Cochran on March 18, 2015, [Cause No. 1:11-cr-42-JMS-DML, Filing No. 537].  Mr. Durham and Mr. Cochran both filed petitions for writs of certiorari, but the United States Supreme Court denied their petitions on October 5, 2015, and May 16, 2016, respectively.  [*See Durham v. United States*, Supreme Court Cause No. 14-10076 (petition denied October 5, 2015); *Cochran v. United States*, Supreme Court Cause No. 15-8858 (petition denied May 16, 2016).]

On remand from Mr. Durham's first appeal, this Court reimposed the same sentence and restitution amount that it had at the first sentencing.  [*See* Cause No. 1:11-cr-42-JMS-DML, Filing No. 551 (dated July 7, 2015).]  Mr. Durham appealed the amended judgment, but the Seventh Circuit affirmed the Court's resentencing decision.  *United States v. Durham*, 630 F. App'x 634 (7th Cir. 2016).  The Seventh Circuit issued a mandate from Mr. Durham's second appeal on March 28, 2016.  [Cause No. 1:11-cr-42-JMS-DML, Filing No. 573.]  The Supreme Court granted

Mr. Durham an extension of time to file a petition for a writ of certiorari until July 5, 2016.[2]  [*See* Seventh Circuit Cause No. 15-2474, Filing No. 31; Supreme Court Cause No. 15A1047.]  There is no indication on the Seventh Circuit's docket or on the Supreme Court's docket that Mr. Durham has filed a petition for a writ of certiorari.

On June 7, 2016, the SEC filed a Status Report in the civil securities action, informing the Court that it had contacted the Defendants regarding the possibility of settlement, that Mr. Durham and Mr. Cochran indicated that they are not interested in settlement, and that the SEC "respectfully requests that the Court reinstate this matter to its active docket so the SEC may pursue a resolution of this case."  [Filing No. 38.]  On June 8, 2016, the Court granted the SEC's motion and reopened the civil action.  [Filing No. 39.]

On June 9, 2016, Mr. Durham filed a "Status Report," contending that the SEC's thirty days to reopen the civil action began when the mandate from his first criminal appeal issued on December 15, 2014.  [Filing No. 40.]  Alternatively, Mr. Durham points out that the mandate from his second criminal appeal was issued on March 28, 2016, but that the SEC did not move to reopen the civil action until June 7, 2016.  [Filing No. 40 at 2.]  Thus, Mr. Durham argues that the SEC's request to reopen the civil action is untimely and that it "should remain dismissed, with prejudice." [Filing No. 40 at 2.]

On June 24, 2016, the SEC responded to Mr. Durham's report.  [Filing No. 42.]  It disputes Mr. Durham's assertion that this action was ever dismissed, emphasizing that Mr. Durham sought to keep the stay in place throughout the appellate process and that his "complaint of untimeliness

---

[2] Although the Supreme Court's order gave Mr. Durham until July 2, 2016 to file a petition for writ of certiorari, that day was a Saturday and the following Monday was a federal holiday.  Thus, pursuant to the Supreme Court's rules, Mr. Durham's deadline to file a petition for writ of certiorari was July 5, 2016.  *See* Sup. Ct. R. 30 (not including Saturdays, Sundays, or federal holidays in computing deadlines); 5 U.S.C. § 6103 (listing July 4 as a federal holiday).

makes little sense" because he continued to prosecute his criminal appeal by moving for an extension of time to file a writ of certiorari. [Filing No. 42 at 2.] The SEC emphasizes that even if its request to reopen the civil case was untimely, the Court's Order of Administrative Closure does not suggest that the failure to file a timely request would result in dismissal with prejudice, as Mr. Durham now requests. [Filing No. 42 at 3-4.] Finally, because the SEC asserts that Mr. Durham "cannot claim any prejudice flowing from the purported delay," the Court should "reinstate this matter to its active docket so that the [SEC] may pursue a resolution of this case." [Filing No. 42 at 4.]

On June 28, 2016, Mr. Cochran also filed a Motion to Dismiss in the civil action. [Filing No. 43.] He makes similar arguments to those of Mr. Durham, emphasizing that the mandate from Mr. Cochran's direct appeal was issued in April 2015. [Filing No. 43 at 2.] Thus, Mr. Cochran also contends that the SEC's request to reopen the civil action was untimely and asks this Court to dismiss it. [Filing No. 43 at 4.]

On June 30, 2016, the SEC filed its response opposing Mr. Cochran's Motion to Dismiss. [Filing No. 45.] The SEC emphasizes that the Court's Order administratively closing the civil action referenced "Defendants' appeal," which the SEC claims contemplated reopening the case after all of the Defendants had fully prosecuted their appeals. [Filing No. 45 at 1-2.] The SEC points out that Mr. Cochran's petition for certiorari was denied on May 16, 2016, which it claims makes its status report requesting to reopen the case timely. [Filing No. 45 at 2.] Lastly, the SEC contends that Mr. Cochran cannot complain of any prejudice and emphasizes that he cites no authority suggesting that dismissal with prejudice is appropriate in these circumstances. [Filing No. 45 at 2-3.]

5

**B.  Discussion**

The parties' arguments, as set forth above, require the Court to interpret when the Order of Administrative Closure it issued on September 27, 2013 required the SEC to petition to reopen the civil case.  [Filing No. 37.]  The Order of Administrative Closure specifically identifies the Defendants' "appellate rights in full" as the reason the Court administratively closed the civil action.  [Filing No. 37 ("The Court considers it prudent to afford Defendants their appellate rights in full . . . .").]  The Court's reference to the plural form of Defendants and to their full exhaustion of appellate rights conveyed its intention that the civil securities action not be reopened until all of the Defendants exhausted their appellate rights.   To the extent that the Court's subsequent reference to the "issuance of the mandate" was unclear, the Court clarifies that it intended for the administrative closure to remain in place until all of the Defendants fully exhausted their appellate rights.  This interpretation is consistent with the desires of Mr. Durham and Mr. Cochran at that time, given that they specifically requested that the stay remain in place "through the duration of the Appellate Process."  [Filing No. 34 at 3.]

The Court now turns to the timeliness of the SEC's request to reopen the civil case, which it filed on June 7, 2016.  [Filing No. 38.]  To determine the timeliness of that request, the Court must first determine the latest day on which any Defendant exhausted his appellate rights.  Mr. Snow's appellate rights were exhausted on September 29, 2014, when the Seventh Circuit issued the mandate from his direct appeal.[3]  [Cause No. 1:11-cr-42-JMS-DML, Filing No. 511.]  Mr. Cochran's appellate rights were exhausted on May 16, 2016, when the Supreme Court denied his Petition for Writ of Certiorari.  [Seventh Circuit Cause No. 12-3833, Filing No. 78.]  Mr. Durham continued to exercise his appellate rights after that date by seeking an extension from the Supreme

---

[3] Mr. Snow did not file a petition for writ of certiorari.

6

Court to file a petition for writ of certiorari from his second appeal, and he was granted until July 5, 2016 to do so.  Neither the Supreme Court's docket nor the Seventh Circuit's docket indicate that Mr. Durham actually filed a petition for writ of certiorari.  Thus, Mr. Durham either exhausted his appellate rights on July 5, 2016 when he failed to file such a petition or, if he did file a petition, he is continuing to exercise them at this time.  Either way, the SEC's request to reopen the civil securities case on June 7, 2016, was not untimely; it was actually premature.

Even if the SEC's request to reopen the civil was somehow untimely, the Court agrees with the SEC that Defendants have not been prejudiced because they wanted the stay to remain in place during the appellate process.  [Filing No. 34.]  The Court also agrees with the SEC that the authority on which Mr. Cochran relies to support dismissal with prejudice—*Dukes v. Cox*, 2015 WL 2338664 (S.D. Ind. 2015), *pending on appeal*—is distinguishable.  [Filing No. 43 at 3-4.] This Court is very familiar with *Dukes*, given that it made the decision on which Mr. Cochran relies.  *Dukes* is distinguishable because the Court gave that plaintiff multiple chances and warned her many times that failure to comply with the Court's orders would result in dismissal with prejudice.  Nothing of the sort happened here.  Not only has the Court found that the SEC did not fail to obey a scheduling order, even if it did, the Court's Order of Administrative Closure did not warn the SEC that failing to timely reopen this case would result in a dismissal with prejudice. [*See* Filing No. 37.]  Thus, the Court concludes that even if the SEC's request was untimely, the draconian sanction of dismissal with prejudice would not be warranted.  *See Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) (holding that dismissal is a draconian sanction that "should be employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing").

## C. Conclusion

For the reasons set forth herein, the Court **DENIES** Mr. Durham's and Mr. Cochran's requests to dismiss this action with prejudice.  [Filing No. 40 (Mr. Durham's "Status Report" requesting dismissal); Filing No. 43 (Mr. Cochran's Motion to Dismiss).]  The Court requests that the assigned magistrate judge conduct a pre-trial conference to confirm whether Mr. Durham filed a petition for writ of certiorari from his second appeal.  If he did not, the Court requests that the assigned magistrate judge set a briefing schedule for the SEC's anticipated motion for summary judgment.

The Clerk is directed **to update the docket to reflect Mr. Durham's current address**, as set forth in the distribution list below.  Each Defendant is reminded that it is his obligation to update the Court with his current address at all times.

Date: 8/9/2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail**:

RICK D. SNOW
Reg. #09969-028
FCI PEKIN
Federal Correctional Institution
P O Box 5000
Pekin, IL 61555

TIMOTHY S. DURHAM
Reg. #60452-112
USP McCreary
US Penitentiary
PO Box 3000
Pine Knot, KY 42635

JAMES F. COCHRAN
Reg. #09970-028
GREENVILLE - FCI
GREENVILLE FEDERAL CORRECTIONAL
INSTITUTION Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246

**Electronic Distribution via CM/ECF:**

Mark Raymond Sylvester
U.S. SECURITIES AND EXCHANGE COMMISSION
sylvesterm@sec.gov

Scott Alexander Thompson
U.S. SECURITIES AND EXCHANGE COMMISSION
thompsons@sec.gov