UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 1:11-cv-00370-JMS-TAB |
| | ) |
| TIMOTHY S. DURHAM, JAMES F. COCHRAN, and RICK D. SNOW, | ) |
| | ) |
| Defendants. | ) |

# ORDER

In March 2011, the Securities and Exchange Commission (the "SEC") initiated this case against Defendant Timothy Durham and others alleging securities fraud. [Filing No. 1.] On October 31, 2017, Mr. Durham filed a Motion to Recuse the Honorable Jane Magnus-Stinson, [Filing No. 92], which requests that I recuse myself "from any and all matters pertaining to the above referenced matter for the appearance of bias and actual bias as set forth in Ground 6 of Durham's previously filed 2255 Motion to vacate his criminal conviction and sentence (Case No. 1:17-03590-jms-dml) and accompanying Motion to Recuse Magnus-Stinson (Docket No. 8)." [Filing No. 92 at 1.] After randomly reassigning the Motion to Recuse and considering the findings of the District Judge to whom the motion was referred, the Court now rules on the motion as discussed below.

## I.
### RELEVANT BACKGROUND

In his motion, Mr. Durham argues that "[t]he business and political life of [Mr.] Durham and Magnus-Stinson have intersected in very negative ways over the past several decades." [Filing No. 8 in *United States of America v. Timothy S. Durham*, 1:17-cv-03590-RLM-DML (the "2255

Proceeding") at 2.]  He spends thirty-seven pages discussing various friends or acquaintances of the undersigned, and concludes that these relationships show that I am "actually biased against him," and that my "unsupported comments at trial and sentencing, [my] ruling in the SEC companion case and [my] rulings to try and force [Mr.] Durham to accept an admittedly conflicted attorney[ ] at resentencing, would lead any rational observer to believe that [I am] and [have] been actually biased against [Mr.] Durham."  [Filing No. 8 in the 2255 Proceeding at 36.]  The undersigned addressed some of the points in Mr. Durham's motion in a November 29, 2017 Order and, following guidance from the Seventh Circuit Court of Appeals, directed the Clerk to randomly reassign the motion to another District Judge.  [Filing No. 95.]

The motion was reassigned to Judge Tanya Walton Pratt, who subsequently found, among other things, that: "[Mr.] Durham provides very few specific, concrete examples of comments or rulings from Judge Magnus-Stinson, and none of the examples provided show a personal resentment of [Mr.] Durham, his political affiliations, his business accomplishments, or his wealthy lifestyle."  [Filing No. 98 at 6.]  Judge Pratt concluded that "there is a lack of evidence to show any actual bias on the part of Judge Magnus-Stinson toward [Mr.] Durham," but found that "the question of whether there may be an appearance of bias should be resolved by Judge Magnus-Stinson in order to determine the outcome of the pending Motion to Recuse…."  [Filing No. 98 at 9.]  The Court now considers the remaining issue of whether Mr. Durham has demonstrated an appearance of bias such that the Motion to Recuse should be granted.

## II.
### APPLICABLE LAW

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."  The Seventh Circuit Court of Appeals has instructed that "[i]n evaluating whether a

2

judge's impartiality might reasonably be questioned, our inquiry is 'from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (emphasis omitted) (quoting *Cheney v. United States Dist. Court*, 541 U.S. 913, 924 (2004)). Further, "[t]hat an unreasonable person, focusing on only one aspect of the story, might perceive a risk of bias is irrelevant." *In re Sherwin-Williams Co.*, 607 F.3d at 477. Rather:

> [b]ecause some people see goblins behind every tree, a subjective approach would approximate automatic disqualification. A reasonable observer is unconcerned about trivial risks; there is always some risk, a probability exceeding 0.0001%, that a judge will disregard the merits. Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary.

*Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990) (emphasis omitted).

## III.
### DISCUSSION

In her December 14, 2017 Order, Judge Pratt found that the circumstances discussed in Mr. Durham's Motion to Recuse did not show any actual bias, but left open the issue of whether they created an appearance of bias. [Filing No. 98.] Mr. Durham also argues in his Motion to Recuse that recusal of the undersigned is required under the Due Process Clause of the Fifth Amendment to the United States Constitution, [Filing No. 8 in the 2255 Proceeding at 29-31], and the Court will address that argument below as well.

### A. Appearance of Bias

In his Motion to Recuse, Mr. Durham argues that the undersigned's personal friendships with his political foes, with individuals whose business Mr. Durham pursued as part of a hostile

takeover, and with others who were "openly hostile" toward Mr. Durham create an appearance of bias. [*See* Filing No. 8 in the 2255 Proceeding at 24 (Mr. Durham arguing that "[i]t seems that every associate of Magnus-Stinson's is not only prejudiced against [Mr.] Durham, but they are openly hostile toward him. In fact, if Magnus-Stinson is not biased or prejudiced against [Mr.] Durham, she is the only one in her circle who is not").] Mr. Durham concludes by arguing that "[t]here is no doubt that a dispassionate reasonable person armed with all the true facts of [Mr.] Durham's significant involvement in the Republican Party and his long and strenuous efforts against the Bayh regime and [Robert] Wagner and also knowing that every step of Magnus-Stinson's professional life has been made available because of her devotion and loyalty to and membership in the Bayh team, would obviously conclude that there was an unmistakable appearance of bias." [Filing No. 8 in the 2255 Proceeding at 36.]

After Judge Pratt issued her opinion finding that there was no actual bias, the SEC filed a response to Mr. Durham's Motion to Recuse, specifically addressing Mr. Durham's claim of the appearance of bias. [Filing No. 100.] The SEC argues that "speculative allegations regarding the impact of a Judge's friendships do not create even the appearance of bias." [Filing No. 100 at 3.] The SEC notes that the undersigned acknowledged personal friendships with the individuals Mr. Durham discusses in his motion, but explained that she had no knowledge that Mr. Durham had conflicts with those individuals, and that Judge Pratt concluded that Mr. Durham had not presented any evidence to suggest otherwise. [Filing No. 100 at 4.] The SEC also argues that the undersigned's comments at Mr. Durham's trial do not create the appearance of bias, noting that Judge Pratt found that Mr. Durham presented "very few specific examples," and that the undersigned's responses during trial were proper and did not show an appearance of bias or actual bias. [Filing No. 100 at 5.] The SEC asserts that Judge Pratt found that the undersigned's

4

comments relating to Mr. Durham's politics, business life, and wealth did not show personal resentment toward Mr. Durham, and argues that the comments do not show an appearance of bias either. [Filing No. 100 at 5-6.] The SEC also argues that Mr. Durham has not presented any evidence that the undersigned had any input into his representation in his criminal case. [Filing No. 100 at 6.] Finally, the SEC argues that "on the two most significant decisions impacting the course of this civil matter, the Court has ruled in [Mr.] Durham's favor," including agreeing to stay the case pending all appeals in his criminal case (over the SEC's objection) and finding for Mr. Durham on the only contested issue in the SEC's Motion for Summary Judgment – calculation of disgorgement. [Filing No. 100 at 6-7.] The SEC asserts that it does not make sense for the undersigned to recuse herself "when the most significant decision regarding the case has been made, and all that remains with respect to the claims against [Mr.] Durham is to determine the proper calculation of disgorgement…." [Filing No. 100 at 7.]

Mr. Durham's appearance of bias argument is based on three circumstances: (1) the undersigned's personal friendships; (2) the undersigned's comments at his criminal trial; and (3) the undersigned's involvement (or lack thereof, as discussed below) in his representation at his criminal trial. The Court addresses each circumstance in turn.

   *1. Personal Friendships*

In the November 29, 2017 Order re-assigning Mr. Durham's Motion to Recuse to another District Judge, the undersigned acknowledged friendships with many of the individuals discussed in Mr. Durham's motion, but denied that those friendships caused any bias against Mr. Durham in either his criminal proceeding or in this case. [Filing No. 95 at 3-4.] The undersigned provided details regarding those relationships in the November 29, 2017 Order, and will not do so again here. [*See* Filing No. 95 at 3-4.] Judge Pratt considered Mr. Durham's arguments and the

information provided in the November 29, 2017 Order, and found that there was a "lack of evidence to support a finding of actual bias held by Judge Magnus-Stinson against [Mr.] Durham." [Filing No. 98 at 7.]

The Court finds that there also is not an appearance of bias based on the undersigned's personal friendships. The Seventh Circuit has noted:

> Reasonable, well-informed observers of the federal judiciary understand that judges with political friends or supporters regularly cast partisan interests aside and resolve cases on the facts and law. Judges with tenure need not toady, and don't….Tenure of office, coupled with the resolve that comes naturally to those with independent standing in the community, have led a 'political' judiciary in the United States to be more assertive in securing legal rights against the political branches than is the politically neutral, civil service judiciary in continental Europe. A reasonable, informed observer takes account of this history when deciding whether political connections call into question the judge's ability to render an impartial decision.

*Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990); *see also U.S. v. Kehlbeck*, 766 F.Supp. 707, 711 (S.D. Ind. 1990) ("As a professional, a judge is presumed to be capable of distinguishing [her] personal life from [her] professional obligations").

Mr. Durham's Motion to Recuse is based on his claim that a reasonable observer would find an appearance of bias because the undersigned has friendships with individuals who Mr. Durham views as his political enemies. But Mr. Durham ignores the portion of the standard that provides that a reasonable observer is "informed of all the surrounding facts and circumstances." *In re Sherwin-Williams Co.*, 607 F.3d at 477. The facts and circumstances here are that, while the undersigned had friendships with many of the individuals Mr. Durham discusses in his Motion to Recuse, I had no knowledge of personal or political animosity between those individuals and Mr. Durham nor of any action Mr. Durham may have taken to politically or professionally oppose those individuals. [*See* Filing No. 95 at 3-4.] A reasonable observer armed with knowledge of the surrounding facts and circumstances would be left with simply the fact of friendships between the

6

undersigned and the individuals Mr. Durham discusses in his motion. These friendships do not create an appearance of bias. *See Kehlbeck*, 766 F.Supp. at 712 ("A judge must have neighbors, friends, and acquaintances, business and social relations, and be a part of [her] day and generation…. [T]he ordinary results of such associations and the impressions they create in the mind of the judge are not the personal bias or prejudice to which the recusal statute refers") (quoting *Pennsylvania v. Local Union 542, Int'l Union of Operating Engineers*, 388 F.Supp. 155, 157 (E.D. Pa. 1974)).[1]

Finally, the Court notes that if such an allegedly obvious bias was anticipated by Mr. Durham, it would seem prudent to have sought recusal immediately, rather than litigate this case for over six years (including obtaining a summary judgment ruling) prior to seeking recusal. A court "should exercise care in determining whether recusal is necessary, especially when proceedings already are underway." *In re United States*, 572 F.3d 301, 308 (7th Cir. 2009); *see also In re Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to litigants and their colleagues not to remove themselves needlessly,…because a change of umpire in mid-contest may require a great deal of work to be redone…and facilitate judge-shopping." (internal citation omitted)).

---

[1] Mr. Durham relies upon *Matter of Mason* in arguing that the undersigned's personal friendships require recusal, quoting the *Mason* Court's statement that "[i]f Judge Tinder were a close friend of Mayor Hudnut or Clerk Mowery, we would have a more difficult problem." [Filing No. 8 in the 2255 Proceeding at 18 (citing *Matter of Mason*, 916 F.2d at 387).] *Matter of Mason* involved a challenge under the Voting Rights Act to precinct boundaries in Marion County, Indiana, a county in which both Mayor Hudnut and Clerk Mowery held office. Here, the individuals with whom Mr. Durham alleges the undersigned has friendships which require recusal had no involvement whatsoever in Mr. Durham's criminal case.

*2. Comments at Trial*

Mr. Durham only discusses the undersigned's comments during his criminal trial in arguing that the undersigned has an actual bias against him, but the Court will discuss the comments in connection with his appearance of bias argument out of an abundance of caution. Judge Pratt has already found that the comment related to a question from the jury was "proper" and "a standard response," and did not "exhibit an appearance of bias or actual bias held by Judge Magnus-Stinson against [Mr.] Durham." [Filing No. 98 at 8.]

The remaining comments Mr. Durham alludes to in his motion, made by the undersigned at Mr. Durham's sentencing, also did not create an appearance of bias. It is well-settled that the types of comments Mr. Durham cites to – made in connection with his sentencing – cannot form the basis of an appearance of bias. *See, e.g.*, *Liteky v. U.S.*, 510 U.S. 540, 550-51 (1994) ("The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant…. But the judge is not thereby recusable for bias or prejudice, since [her] knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task"); *see also U.S. v. Diekemper*, 604 F.3d 345, 352 (7th Cir. 2010) (judge's statement during sentencing that defendant was "manipulative, narcissistic, and twisted" was "a reflection of the facts before the district court" and "further served to explain why the judge imposed the sentence that he did"); *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001) ("A judge's expressions of 'impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges' are not sufficient to demonstrate bias or prejudice") (quoting *Liteky*, 510 U.S. at 555-56).

Further, given that Mr. Durham has not identified any knowledge the undersigned may have gained outside of the judicial proceedings (other than his allegations regarding actual bias, which Judge Pratt rejected), statements made during the criminal proceeding or the sentencing do not create an appearance of bias. *See U.S. v Troxell*, 887 F.2d 830, 834 (7th Cir. 1989) (comments made by judge while announcing sentencing in another case that defendant was "Madame Cocaine" and "is not a nice person" did not require recusal where they did not "reflect bias or prejudice based on knowledge gained outside the judicial proceedings"). The undersigned's comments in responding to the jury's question and during Mr. Durham's sentencing do not create an appearance of bias for a reasonable observer, informed of the surrounding facts and circumstances.

### 3. *Mr. Durham's Representation*

Mr. Durham argues in his motion – again, only in connection with his arguments related to actual bias – that the undersigned somehow orchestrated Mr. Durham's legal representation in his criminal case to his detriment. [Filing No. 8 in the 2255 Proceeding at 13-14.] Judge Pratt credited the undersigned's statement that I did not have any input into Mr. Durham's representation in his criminal case, other than to permit the withdrawal of counsel who stated they had a conflict with Mr. Durham or with whom Mr. Durham perceived a conflict, and found that no actual bias existed. [Filing No. 98 at 6-7.] A reasonable observer, armed with this information, would not find an appearance of bias based solely on a friendship between the undersigned and the Chief Federal Public Defender at Indiana Federal Community Defenders, Inc.

In sum, the Court finds that the circumstances discussed by Mr. Durham in his Motion to Recuse do not create an appearance of bias warranting the undersigned's recusal.

### B. Due Process Argument

Mr. Durham also argues in his Motion to Recuse that the undersigned's failure to recuse herself would be a violation of the Due Process Clause because "[t]here is little double that the 'average judge' in the same position is not likely to be 'neutral' in matters involving [him]." [Filing No. 8 in the 2255 Proceeding at 31.]

The Due Process Clause "guarantees 'an absence of actual bias' on the part of a judge." *Williams v. Pennsylvania*, 136 S.Ct. 1899, 1905 (2016) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). In order to determine whether a due process violation has occurred from a failure to recuse, "[t]he Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, 'the average judge in [her] position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Williams*, 136 S.Ct. at 1905 (quoting *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 881 (2009)). The Seventh Circuit Court of Appeals has focused on whether there is a high probability of actual bias. *Suh v. Pierce*, 630 F.3d 685, 691 (7th Cir. 2011) ("While disqualification is required based on an 'appearance of bias' where there is a high risk of actual bias, without that risk disqualification is not necessary"). Due process rights are violated where a judge "has prejudged the facts or the outcome of the dispute before her." *Franklin v. McCaughtry*, 398 F.3d 955, 962 (7th Cir. 2005). However, "most matters relating to judicial disqualification d[o] not rise to a constitutional level.'" *Suh*, 630 F.3d at 691 (quoting *FTC v. Cement Institute*, 333 U.S. 683, 702 (1948)).

Here, Judge Pratt found that Mr. Durham has not shown any actual bias on the part of the undersigned. [Filing No. 98.] Morever, the undersigned has found that there is not an appearance

10

of bias from the circumstances Mr. Durham discusses in his motion.[2] Accordingly, there is not a high risk of actual bias such that recusal is necessary under the Due Process Clause.

## IV.
### CONCLUSION

For the foregoing reasons, the Court finds that the circumstances Mr. Durham presents in his Motion to Recuse do not demonstrate an appearance of bias and that Mr. Durham's due process rights have not been violated, and will not be violated, by the undersigned continuing to preside over this matter. Based on these findings, and on Judge Pratt's finding that Mr. Durham has not demonstrated any actual bias, the Court **DENIES** Mr. Durham's Motion to Recuse, [92].

Date: 1/26/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

---

[2] The Court also notes that, as the SEC points out, it has found in favor of Mr. Durham on the two most significant issues raised in this litigation – whether the case should be stayed pending Mr. Durham's appeals in his criminal case, and on the issue of the calculation of disgorgement.

**Distribution via United States Mail to:**

Timothy S. Durham
Reg. No. 60452-112
MCCREARY – USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. Box 3000
Pine Knot, KY 42635

James F. Cochran
#09970-028
LEXINGTON – FMC
LEXINGTON FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. Box 14500
Lexington, KY 40512

Rick D. Snow
Reg. # 09969-028
YANKTON – FPC
YANKTON FEDERAL PRISON CAMP
Inmate Mail/Parcels
P.O. Box 700
Yankton, SD 57078

**Distribution via ECF only to all counsel of record**