UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| vs. | ) ) ) No. 1:11-cv-00370-JMS-TAB |
| TIMOTHY S. DURHAM, JAMES F. COCHRAN, | ) ) ) ) |
| *Defendants*. | ) ) ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| *Intervenor*. | ) |

## ORDER

This matter is before the Court on a Notice of and Request for Additional Disgorgement filed by the Securities and Exchange Commission (the "Commission"). [Filing No. 122.] The Commission's Notice and Request pertains to its suit against *pro se* Defendant Timothy S. Durham for civil violations of the Securities and Exchange Acts of 1933 and 1934 (collectively, the "Securities Acts"). The procedural background of this case is lengthy and is set forth more fully in the Court's June 29, 2018 Order. [Filing No. 118.] For the purposes of the Notice and Request, the Court merely notes that the procedural history of this case stretches nearly eight years and encompasses Mr. Durham's criminal conviction, appeal thereof, the reopening of this civil matter, the Court's consideration of the Commission's Motions for Summary Judgment, and the Commission's numerous efforts to prove civil disgorgement pursuant to the Securities Acts.

Regarding disgorgement, first, in 2017, the Commission requested that Mr. Durham be ordered to pay disgorgement in an amount that was equal to the amount of criminal restitution he

had been ordered to pay in the criminal case against him. [Filing No. 69 at 34 (arguing that Mr. Durham "should be ordered to pay disgorgement in the amount of $208,830,082.27 together with prejudgment interest of $22,647,954.29 for a total obligation of $231,478,036.56")].] The Court denied the Commission's Motion for Summary Judgment on this point, finding that the "amount of criminal restitution Mr. Durham was ordered to make does not allow the Court to determine an appropriate amount of disgorgement" because "criminal restitution is not a measure of a criminal's wrongful gain but, rather, a measurement of a victim's loss." [Filing No. 86 at 13-14.] In short, the Court found that the Commission had failed to adequately establish a disgorgement amount.

Next, in 2018, pursuant to an order from the Magistrate Judge, [Filing No. 106], the Commission filed a Motion to Determine Disgorgement, effectively getting a second bite at the apple. In this go around, the Commission requested disgorgement in the amount of $183,137,105.35, a slight reduction from its 2017 request due to a statute of limitations for securities fraud disgorgement that had subsequently been recognized by the Supreme Court in *Kokesh v. SEC*, __ U.S. __, 137 S. Ct. 1635 (2017). The Commission's argument was fundamentally the same as its 2017 argument - that in Mr. Durham's case, "the loss to victims approximates the gain to the defendant." [Filing No. 112 at 4.] As it had in 2017, the Court once again rejected "the Commission's argument that every dollar obtained from investors was done so through fraud and was, therefore, ill-gotten gains and that such gains, in turn, inured to the benefit of Mr. Durham because he controlled them." [Filing No. 118 at 12.] Instead, the Court concluded that the Commission had made a sufficient showing with regard to three specific categories of payments and ordered Mr. Durham to pay disgorgement in the amount of $620,350.00. [Filing No. 118 at 13.]

2

In this second order concerning disgorgement, the Court stated as follows: "Should the Commission wish to proceed to an evidentiary hearing as to additional disgorgement, the Commission shall file a Motion to that effect by **Friday, July 6, 2018**. Otherwise, the Court will enter final judgment." [Filing No. 118 at 13 (emphasis in original).] The Commission declined to do so, and instead, 42 days after the deadline imposed by the Court for the Commission to file a Motion requesting an evidentiary hearing, the Commission filed this Notice of and Request for Additional Disgorgement. [Filing No. 122.]

The Commission's Notice and Request is not well taken for three reasons: (1) it represents the Commission's third attempt to prove its proposed disgorgement amount, (2) it is in contravention of the Court's June 29, 2018 Order, and (3) it violates the Rule 7 of the Federal Rules of Civil Procedure.

As to the first issue, the Commission notably does not style its filing as a motion for reconsideration and the Court observes that the Commission has made no argument that the Court has patently misunderstood a party, made a decision outside the adversarial issues presented to the Court by the parties, or made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). In its brief, the Commission does not specify what procedural vehicle would allow the Court to grant the Notice and Request. Courts have historically ordered disgorgement "as an exercise of their 'inherent equity power to grant relief ancillary to an injunction.'" *Kokesh*, 137 S. Ct. at 1640 (quoting *SEC v. Texas Gulf Sulphur Co.*, 312 F.Supp. 77, 91 (S.D.N.Y. 1970)). As such, there is no statutory guidance as to how many opportunities the Commission has to prove disgorgement, and the Commission has not pointed the Court to any case law or other authority that would support the Commission being entitled to three opportunities to meet its evidentiary burden.

3

Turning to the second issue, the Commission noted that it filed its notice pursuant to the Court's "request." However, the Court's June 29, 2018 entry was not a request, it was a court order that allowed the Commission to request an evidentiary hearing. At no point did the Commission request or receive leave from Court to file a third motion for disgorgement. As the Seventh Circuit recently reiterated, "A district court . . . must have a wide berth to manage caseloads and dockets." *Ruark v. Union Pac. R.R. Co.*, 2019 WL 692826, at *6 (7th Cir. Feb. 20, 2019). In this case, the Court exercises its authority to manage its caseload by disallowing the Commission's third attempt at proving disgorgement.

Finally, the filing of a "notice" is not a procedural vehicle recognized as a means of obtaining relief. Rather, Rule 7(b) provides that "[a] request for a court order must be made by motion." Fed. R. Civ. Proc. 7(b).

As such, the Commission's Notice and Request, [122], is **DENIED**.

Final judgment shall issue accordingly.

Date: 2/26/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY S. DURHAM
60452-112
MCCREARY – USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635

JAMES F. COCHRAN
#09970-028
LEXINGTON – FMC

LEXINGTON FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 14500
LEXINGTON, KY 40512

Jennifer Chun Barry
U.S. SECURITIES AND EXCHANGE COMMISSION (Philadelphia)
barryj@sec.gov

Scott Alexander Thompson
U.S. SECURITIES AND EXCHANGE COMMISSION
thompsons@sec.gov